DARRYL PARKER, Bar No. 95914
ADA K. WONG, Bar No. 288247
PREMIER LAW GROUP, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
Tel:    (206) 285-1743
Fax:   (206) 599-6316

*Attorneys for Plaintiff Herd*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HERD, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | (Civil Rights, Personal Injury, Jury Trial Demanded) |
| CITY OF OAKLAND, California; California Highway Patrol Sergeant JAMES SHEERAN and Officer JACOB JOHNSON; Oakland Police Department Officers JESSE LAWLESS, ROBERT ROSIN, DANIEL HIGGINS, DAVID PULLEN, ERIC THAW, BRYAN FRANKS, ALEXIS NASH, and IRA ANDERSON; and DOES 1-5, | |
| Defendants. | |

## INTRODUCTION

1.   This is an action for damages sustained by a citizen of Oakland, California against the City of Oakland, Oakland Police Department officers, and California Highway

COMPLAINT FOR DAMAGES - 1
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

Patrol officers, and for causing plaintiff to suffer deprivation of his civil and constitutional rights, physical injury, and mental and emotional distress.

## JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(a)(1), (2), (3), and (4); the provisions of 42 U.S.C. §§ 1983 and 1988; and the Constitution of the United States, specifically the Fourth and Fourteenth Amendments thereto.

3. This Court has supplemental jurisdiction over the state claims by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

4. All of the unlawful acts and practices alleged herein occurred in Oakland, California. Thus, the District Court for the Northern District of California is the appropriate forum for this matter.

## PARTIES

5. Plaintiff Ronald Herd, an African American male, is an adult, residing in the State of California.

6. Defendant City of Oakland is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of California, duly organized and existing under the laws of the State of California.

7. Defendant James Sheeran is a sergeant with the California Highway Patrol ("CHP") at the times herein mentioned, and in doing the things complained of herein, was

COMPLAINT FOR DAMAGES - 2
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

1 acting as a supervisor and direct participant, and was under color of law and within the course and scope of his employment by defendant CHP.

8. Defendant Jacob Johnson is an officer the CHP at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant CHP.

9. Defendant Jesse Lawless is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

10. Defendant Robert Rosin is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

11. Defendant Daniel Higgins is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

12. Defendant David Pullen is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

13. Defendant Eric Thaw is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under

COMPLAINT FOR DAMAGES - 3
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

color of law and within the course and scope of his employment by defendant City of Oakland.

14. Defendant Bryan Franks is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

15. Defendant Alexis Nash is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of her employment by defendant City of Oakland.

16. Defendant Ira Anderson is an officer with the Oakland Police Department at the times herein mentioned, and in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Oakland.

17. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiff, who therefore sue said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believe and thereon allege that Doe defendants are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiff as herein alleged.

//

//

COMPLAINT FOR DAMAGES - 4
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

18. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## STATEMENT OF FACTS

19. Plaintiff Ronald Herd is a 59-year-old African American adult male, who has had episodic mental problems.

20. On October 3, 2009, at approximately 11 p.m., plaintiff was walking in the area of Seminary Avenue and International Boulevard when he flagged down a California Highway Patrol car that was stopped at a light. He identified himself as Ron Herd and told the officers that he needed help. Minutes later, several police cars arrived without lights or sirens. Inexplicably, Herd was confronted by defendants Sergeant James Sheeran and Officer Jacob Johnson. One of those officers slammed his baton into plaintiff's gut and shouted we know who you are. Plaintiff was then brutally attacked and jumped on by these two CHP officers who claimed that plaintiff was waving his hands and yelling incoherently and was speaking rapidly and incoherently, stating multiple times that he was the "king."

21. Officer Johnson used his pepper (Oleoresin Capsicum "OC") spray on plaintiff's eyes.

22. Oakland Police Department Officers Jesse Lawless and Robert Rosin also responded to Seminary Avenue and International Boulevard. Officer Lawless placed his body weight on top of plaintiff and wrapped his arms around his legs. It was not until plaintiff was handcuffed that Officer Lawless released plaintiff's legs and stepped back. The officers administered several blows including multiple punches to plaintiff's head and face while plaintiff is on his stomach while he was on the ground. Plaintiff could not

COMPLAINT FOR DAMAGES - 5
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

release his hands from underneath his stomach area as he was pinned to the ground by multiple officers.

23. Officer Rosin, who arrived with Officer Lawless, positioned himself near plaintiff's head attempting to pull him and remained near plaintiff's head. Rosin then attempted to place his knee on plaintiff's sternum to force him to the ground, which he successfully did. Officer Rosin's shin hit plaintiff's head several times during this encounter. He also grabbed plaintiff's left arm and neck area. He then assisted in placing plaintiff into the prone position for handcuffing. Afterwards, Officer Rosin put his left knee on plaintiff's neck and right knee on his shoulder while plaintiff was on the ground, preventing plaintiff from lifting his head from the ground. Plaintiff was having difficulty breathing and his head was being thrashed on the ground.

24. More officers from the Oakland Police Department arrived on the scene, including Officers Daniel Higgins and David Pullen. When they arrived on the scene, Officers Lawless and Rosin were on the ground on top of plaintiff. Officer Higgins grabbed plaintiff's arms and handcuffed plaintiff's left wrist while the other officers were trying to grab plaintiff's right wrist and legs. Officer Ross Curtin also grabbed plaintiff's right arm while he was on the ground.

25. Officer Eric Thaw grabbed plaintiff's legs while Officer Pullen grabbed plaintiff's legs and held them down by kneeling on him and grabbing them with his hands. Additional officers began to arrive on the scene. Officer Pullen also grabbed plaintiff's hand. Officer Alexis Nash grabbed plaintiff's left arm. Officers then grabbed plaintiff's legs. Plaintiff urinated as the officers were grabbing his legs and was put under arrest by Officers Bryan Franks and Higgins.

**COMPLAINT FOR DAMAGES - 6**
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

26. The officers then stood plaintiff up to his feet and searched his person. Plaintiff was unstable, lost balance, and fell to the ground, face first and then began thrashing his head around on the ground. Officer Nash held down plaintiff's right leg while plaintiff was on the ground. Plaintiff then stopped moving and there was no movement. The officers released plaintiff, who did not move—he laid on his back motionless.

27. Officer Higgins then rolled plaintiff over to his back and checked for a pulse. He could not feel a pulse so he and Officer Ira Anderson performed chest compressions and a sternum rub. As Officer Anderson put his hands on plaintiff's chest, plaintiff took a deep breath and a pulse was felt again. However, plaintiff's breathing was shallow and an ambulance was called. Additional officers also arrived on the scene.

28. When AMR paramedics arrived, plaintiff's mental state was unstable and was acting erratically. He was placed on a backboard and was strapped down. There was blood over plaintiff, including coming from his mouth. Four of plaintiff's teeth were cracked during the time he was knocked unconscious. None of his teeth were cracked before the incident, but once he woke up, they were cracked, possibly because he was dragged on the floor while unconscious. Plaintiff was bloody all over including his head, face legs and feet which were caused by the officers attack on him.

29. Plaintiff was diagnosed with Rhabdomilysis (a disease where muscle-tissue breaks down and starts metabolizing itself). Plaintiff was advised that there was no time limit on how long he would stay at the hospital. The hospital staff did not know whether plaintiff's medical condition was affecting his mental status.

**COMPLAINT FOR DAMAGES - 7**
HERD V. CITY OF OAKLAND, ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

30. On October 3, 2009, plaintiff was first arraigned. Plaintiff was charged with a total of five counts – three counts of PC 243(B)—battery against a peace officer—and two counts of PC 148(A)(1)—obstructing an officer.

31. On October 14, 2009, plaintiff entered a plea of not guilty on the first two counts of PC 243(B) and went to trial and waived time.

32. August 20, 2010 was plaintiff's first trial date. On October 9, 2012—more than two years later—plaintiff had his last trial date.

33. On October 12, 2012, the district attorney made a motion to dismiss, which was granted the same day, and the entire case was dismissed.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Excessive Force against all defendants)

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately set out in this First Claim for Relief.

35. The actions of all defendant officers in acting as a group and being a integral part of the unreasonable force used against plaintiff deprived plaintiff of his Fourth Amendment rights to be free from unnecessary and excessive uses of force in violation of 42 United States Code § 1983.

36. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious

COMPLAINT FOR DAMAGES - 8
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

### SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Arrest Without Probable Cause against all defendants)**

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 with the same force and effect as if such paragraphs were separately set out in this Second Claim for Relief.

38. The defendants acting as a group and in concert with each other arrested plaintiff without a warrant or probable cause.

39. The actions of defendant officers in arresting plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 United States Code § 1983.

40. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress. Plaintiff has also had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the emotional pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

### THIRD CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Unreasonable Seizure against CHP Officers Sheeran and Johnson)**

COMPLAINT FOR DAMAGES - 9
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 with the same force and effect as if such paragraphs were separately set out in this Third Claim for Relief.

42. The actions of CHP officers Sheeran and Johnson in detaining plaintiff were objectively unreasonable and deprived him of his Fourth Amendment right to be free from deprivations of liberty without due process of law.

43. Defendant officers, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights.

44. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses. The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated against each individual officer.

### FOURTH CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Monell Claim against the City of Oakland)

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately set out in this Fourth Claim for Relief.

46. At all times herein mentioned, defendant City of Oakland had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its law enforcement officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, defendant City of Oakland failed to take necessary, proper, or adequate

COMPLAINT FOR DAMAGES - 10
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

measures in order to prevent the violation of each of plaintiff's rights. None of the officers had any training regarding handling persons who could be suffering from a mental illness. The officers whose conduct is described above do not know what constitutes unreasonable force or arrest, because of inadequate training and or tolerance by defendant City of Oakland.

47. The Oakland police officers knew that plaintiff was a troubled individual as he was demonstrating erratic behavior and was not making sense and kept referring to himself as the "king," but was not violent or dangerous. Defendant City of Oakland has no policy in place directing its law enforcement officers to know when and how to arrest suspects or deal with persons with a mental disability, and defendant City of Oakland failed to train its law enforcement officers in proper arrest.

48. The Oakland police officers' conduct described above shows that they do not know what constitutes excessive force as a result of inadequate training by the City of Oakland. This inadequate training extended to a complete failure with respect to the mentally disabled and how to handle confrontations with persons with mental incapacities.

49. The City of Oakland has no policy in place regarding contacts with those with depreciated mental capacities and fails on a routine basis to consider their mental illness when apprehending them or in deciding to use force against them, including excessive force. The City of Oakland also has no policy in place directing its police officers to know when it is appropriate to seize someone, and the City of Oakland failed to train its officers in what type and amount of information is sufficient to create probable cause to allow for reasonable warrantless arrests and seizures.

COMPLAINT FOR DAMAGES - 11
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

50. Said lack of policy and failure to train has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights.

51. Thus, the need to train officers in the constitutional limitations of arrest can be said to be "so obvious," that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

52. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) <u>inadequate</u> training of employees, to wit, gross failure to train regarding force and arrest; and (3) causation between the inadequate training and each of plaintiff's injuries.

53. Defendant City of Oakland breached its duty of care to plaintiff because it failed to adequately train its law enforcement officers, namely the members of the City of Oakland Police Department named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful seizures and arrests by officers employed by the City of Oakland though its Police Department.

54. Defendant City of Oakland's improper training permitted each defendant officer to use poor judgment in assessing illegal activity and in using and threatening to use force.

55. The foregoing acts, omissions, and systemic failures are customs and policies of defendants City of Oakland, which caused its officers to believe that determination of the arrest suspect and arbitrarily determine the amount of force to be used was within their unfettered discretion, and that complaints of improper conduct would not

COMPLAINT FOR DAMAGES - 12
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

be properly investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of defendant City of Oakland was the moving force behind constitutional violations.

56. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs and ratification of defendant City of Oakland, the individual defendant officers caused the constitutional violations and the damages described above.

57. Defendant City of Oakland is the cause of the harm to plaintiff described herein.

## FIFTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Violation of the American with Disabilities Act against all defendants)**

58. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 with the same force and effect as if such paragraphs were separately set out in this Fifth Claim for Relief.

59. Defendants failed to accommodate and discriminated against plaintiff because of his apparent mental disability. The defendants had no program or policy in place to deal with persons who have mental incapacities. Law enforcement made no discernible allowance or accommodation for the apparent mental disability of plaintiff before detaining and arresting him.

60. The failure on the part of defendants deprived plaintiff of the rights, privileges, and benefits of programs the City of Oakland and CHP afford persons who are not disabled. This failure led directly to the unnecessary detention, excessive force, and

COMPLAINT FOR DAMAGES - 13
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

arrest of plaintiff as the officers failed to engage in any conduct designed to mitigate the situation or result in the arrest of plaintiff without the use of excessive force.

61. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

## PRAYER

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against defendants:

A. For general and special compensatory damages against all in the amount of $500,000.00;

B. For punitive damages against individual defendant officers in the amount of $75,000.00 each;

C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For medical expenses;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court may deem just.

//
//
//
//
//
//

**COMPLAINT FOR DAMAGES** - 14
HERD V. CITY OF OAKLAND, ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

arrest of plaintiff as the officers failed to engage in any conduct designed to mitigate the situation or result in the arrest of plaintiff without the use of excessive force.

61. The direct and proximate result of each defendant's acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his personal liberty, and has had to incur medical and legal expenses.

## PRAYER

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against defendants:

A. For general and special compensatory damages against all in the amount of $500,000.00;

B. For punitive damages against individual defendant officers in the amount of $75,000.00 each;

C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For medical expenses;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court may deem just.

//

//

//

//

//

//

COMPLAINT FOR DAMAGES - 14
HERD V. CITY OF OAKLAND, ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

1  DATED this 24th day of September, 2013.    PREMIER LAW GROUP PLLC

2

3                                                                          *[signature]*
                                                                           **Darryl Parker**, Bar No. 95914

4                                                                          *[signature]*

5                                                                          **Ada K. Wong**, Bar No. 288247
                                                                           *Attorneys for Plaintiff*

6                                                                          3380 146th Place S.E., Ste. 430
                                                                           Bellevue, WA 98007

7                                                                          Telephone: (206) 285-1743
                                                                           Facsimile: (206) 599-6316

8                                                                          dparker@plg-pllc.com
                                                                           ada@plg-pllc.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**COMPLAINT FOR DAMAGES** - 15                                             Premier Law Group, PLLC
HERD V. CITY OF OAKLAND, ET AL.                                            3380 146th Place SE, Ste 430
                                                                           Bellevue, WA 98007
                                                                           (206) 285-1743/Fax (206) 599-6316