UNITED STATES  DISTRICT COURT

Northern District of California

RONALD HERD,

                Plaintiff,

    v.

CITY OF OAKLAND, et al.,

                Defendants.

_____/

No.  C-13-4443 MEJ

**ORDER VACATING CMC**

**CASE MANAGEMENT ORDER**

     Pursuant to Federal Rule of Civil Procedure ("Rule") 16, the Court issues the following Case Management Order.  The April 3, 2014 Case Management Conference is VACATED.   Failure to comply with this Order is cause for sanctions under Rule 16(f).  All questions should be directed to Rose Maher, Courtroom Deputy, at (415) 522-4708.

**A.**    **ADR:** The parties are referred to mediation.

**B.**    **Pretrial Motions:** All pretrial motions shall be filed in accordance with Civil Local Rule 7, and noticed for hearing on any Thursday at 10:00 a.m., without contacting the Court.  All dispositive motions shall be filed, served, and noticed by 12/31/2014.  The Court shall hear dispositive motions on 2/5/2015 at 10:00 a.m. in Courtroom B, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California.

All summary judgment motions shall comply with the following requirements for statements of facts:

    **(1)**    **Separate Statement of Facts.**  Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.).  A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.

    **(2)**    **Controverting Statement of Facts.**  Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (a) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (b) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.  Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

    **(3)**    **Reply Statement of Facts.**  If the party opposing summary judgment sets forth

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    additional facts, the moving party shall file a statement, separate from the reply brief, with correspondingly numbered paragraphs indicating whether the party admits or disputes the statement of fact set forth in that paragraph and, if disputed, a reference to the specific admissible portion of the record supporting the party's position.  Facts that are not already included in the motion and/or opposition are not permitted.

**(4)    Alternative Procedure.**  As an alternative to filing a statement of facts and controverting statement of facts, the movant and the party opposing the motion may jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts and the following statement: "The parties agree there is no genuine issue of any material fact."  As to any stipulated facts, the parties so stipulating may state that their stipulations are entered into only for the purpose of the motion for summary judgment and are not intended to be otherwise binding.

**C.    Discovery:** The parties shall abide by the undersigned's Discovery Standing Order, available at http://cand.uscourts.gov/mejorders.  All discovery, including depositions of expert witnesses, must be completed by 12/2/2014.  Pursuant to Rule 16(b) and Civil Local Rule 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date is not enforceable except by order of the Court and upon a showing of good cause.  No discovery disputes may be brought to the Court's attention more than 10 days after the discovery cut-off date.

**D.    Deadline to Seek Leave to Amend Pleadings:** 9/8/2014.

**E.    Disclosure of Expert Witnesses:** Any party wishing to present expert witness testimony shall serve on all other parties the expert's name, address, qualifications, resume, and a written report in compliance with Rule 26(a)(2)(B) by 11/7/2014.  This disclosure must be made with respect to a person who is either: (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702; or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.  All parties have a continuing duty to supplement the disclosure of expert witnesses when required under Rule 26(e)(1).

**F.    Disclosure of Rebuttal Expert Witnesses:** Any expert testimony intended solely to contradict or rebut another party's opinion testimony shall be disclosed in compliance with Rule 26(a)(2)(B) by 11/17/2014.

**G.    Limitation on Testimony by Expert Witnesses:** Each party is limited to one expert witness in each discipline involved in the case, except by order of the Court.  To ensure that all factual material (including tests and/or reports) upon which expert opinion may be based is timely disclosed, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition, unless the parties enter into a written stipulation otherwise.  Any party objecting to the admissibility of expert testimony must file a motion in limine to exclude the testimony by the deadline set forth below.

**H.    Exchange and Filing of Trial Papers:** By 4/8/2015, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange the papers described in Rule 26(a)(3).  These papers must be filed with the Court by 4/23/2015, as well as a joint pretrial conference statement with the following information:

(1)    Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

UNITED STATES DISTRICT COURT
For the Northern District of California

2

(2) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(3) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(4) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(5) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(6) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(7) Witness list: A list of all witnesses to be called for trial.  The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates, and an estimate of the time required for direct and cross examination of each witness.

(8) Exhibit list: A list of all exhibits to be offered at trial.  The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness.  All documents shall be authenticated prior to trial.

(9) No party shall be permitted to offer any witness or exhibit that is not disclosed in its witness or exhibit list, except with leave of the Court for good cause shown.

(10) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(11) Settlement: A statement summarizing the status of the parties' settlement negotiations.

**I.** **Motions in limine:**  The parties are directed to meet and confer to resolve any evidentiary disputes prior to filing  motions in limine.  Any motions in limine shall be filed by 4/23/2015, with oppositions due by 4/30/2015.

**J.** **Trial Briefs**: The parties shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, for all significant disputed issues of law, including foreseeable procedural and evidentiary issues, by 5/15/2015.

**K.** **Voir Dire:** The parties shall file a **joint** set of requested voir dire to be posed by the Court, as well as any separate questions upon which counsel cannot agree, by by 5/15/2015. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

**L.** **Jury Instructions:** The parties shall file a **joint** set of proposed jury instructions by by 5/15/2015, and shall also submit them to the Court on a portable storage device (such as a USB thumb drive) in WordPerfect format. Jury instructions should conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit. The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which the parties cannot agree shall be marked as "disputed" and included within the jointly submitted instructions, in the place where the party proposing the instruction believes it should be

UNITED STATES DISTRICT COURT
For the Northern District of California

3

given. Argument for and against each disputed instruction shall be included on a separate page directly following the disputed instruction. At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

**M.**   **Proposed Verdict Forms:** The parties shall file any joint and/or separate proposed verdict forms by 5/15/2015, and shall also submit them to the Court on a portable storage device.

**N.**   **Pretrial Conferences:** The Court shall hold an initial pretrial conference on 5/14/2015 at 10:00 a.m., in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conference.  The purpose of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions *in limine,* and to discuss the trial of the case.  The Court shall hold a final pretrial conference on 6/11/2015 at 10:00 a.m. in Courtroom B, to address any outstanding trial issues.

**O.**   **Trial:** The Court shall conduct a jury trial in this matter.  The trial shall commence on 6/22/2015 (Trial schedule: Monday through Friday, 9:30 a.m. to 3:30 p.m.), and last 5 days.

For any documents that will be shown to a witness but not admitted into evidence, counsel shall bring the original plus three copies of the documents.  The original document will be handed to the Court during testimony and the copies will be given to the witness and opposing counsel during examination.

The parties shall maintain their own exhibits during trial.  Exhibits are to be pre-marked with exhibit tags attached to the upper lefthand corner.  If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit.  The Court will only admit pre-marked exhibits which were listed on the earlier filed exhibit list.

Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically.  Each marker shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted.

On the day of trial, counsel shall bring the original pre-marked exhibits plus two copies, one for opposing counsel and one (in binders with appropriate label dividers) for the Court.  The exhibit binders are to be given to the Courtroom Deputy on the morning of the trial.

**P.**   **Transcripts and Recording Devices:** Any party requesting a daily transcript and/or real time reporting shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least 14 days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least 14 days in advance of the trial date for the items to clear security.

**IT IS SO ORDERED.**

Dated: March 27, 2014

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California