KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General
HARRY T. (CHIP) GOWER, III
Deputy Attorney General
State Bar No. 170784
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1336
  Fax:  (415) 703-5480
  E-mail:  Harry.Gower@doj.ca.gov
*Attorneys for Defendants State of California, by and through its Department of Highway Patrol; James Sheeran; and Jacob Johnson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ronald Herd,**<br><br>                  Plaintiff,<br><br>v.<br><br>**City of Oakland, et al.,**<br><br>                  Defendants. | Case No. C13-4443 MEJ<br><br>**ANSWER OF DEFENDANTS STATE OF CALIFORNIA, BY AND THROUGH ITS DEPARTMENT OF HIGHWAY PATROL; JAMES SHEERAN; AND JACOB JOHNSON TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants STATE OF CALIFORNIA, by and through its Department of Highway Patrol, JAMES SHEERAN and JACOB JOHNSON (hereinafter "Defendants") hereby answer, object, and otherwise respond to the Second Amended Complaint on file herein as follows:

**INTRODUCTION**

1. Defendants admit that this is a complaint for damages but deny that Plaintiff has been damaged, injured, or denied any civil and/or constitutional rights.

**JURISDICTION**

2. Defendants admit that the referenced statutes and Constitutional Amendments are alleged to form the basis for Plaintiff's complaint.

3.	Defendants admit that this Court may have supplemental jurisdiction over state law claims. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis, deny each and every allegation contained therein.

## VENUE

4.	Defendants admit that the acts complained of in the complaint occurred in Oakland, California and therefore this matter is properly venued in the Northern District of California. Defendants deny that any unlawful acts or practices occurred or were committed by Defendants.

## PARTIES

5.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis, deny each and every allegation contained therein.

6.	Defendants admit the allegations in Paragraph 6 of the Complaint.

7.	Defendants admit that the State of California employs members of the California Highway Patrol, but are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 7 and on that basis, deny each and every allegation contained therein.

8.	Defendants admit that James Sheeran was a sergeant with the California Highway Patrol at the times mentioned in the Second Amended Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis, deny each and every allegation contained therein.

9.	Defendants admit that Jacob Johnson was an officer with the California Highway Patrol at the times mentioned in the Second Amended Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis, deny each and every allegation contained therein.

10.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis, deny each and every allegation contained therein.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis, deny each and every allegation contained therein.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis, deny each and every allegation contained therein.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis, deny each and every allegation contained therein.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis, deny each and every allegation contained therein.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis, deny each and every allegation contained therein.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis, deny each and every allegation contained therein.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis, deny each and every allegation contained therein.

18. Paragraph 18 contains allegations that do not require either a denial or admission from these answering Defendants, and Defendants deny that Plaintiff has been damaged, injured, or denied any civil and/or constitutional rights.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis, deny each and every allegation contained therein and deny that Plaintiff has been damaged, injured, or denied any civil and/or constitutional rights.

## STATEMENT OF FACTS

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis, deny each and every allegation contained therein.

21. Defendants admit that they responded to the scene where Plaintiff was detained but deny each and every other allegation in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis, deny each and every allegation contained therein.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis, deny each and every allegation contained therein.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis, deny each and every allegation contained therein.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis, deny each and every allegation contained therein.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis, deny each and every allegation contained therein.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis, deny each and every allegation contained therein.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis, deny each and every allegation

contained therein except that Defendants admit that an ambulance arrived and that Plaintiff was acting erratically.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis, deny each and every allegation contained therein.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis, deny each and every allegation contained therein.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis, deny each and every allegation contained therein.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis, deny each and every allegation contained therein.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis, deny each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**

35. In response to Paragraph 35, Defendants incorporate herein by reference, as though fully set forth at length, their answers to paragraphs 1 through 34.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37. In addition, Defendants deny that Plaintiff has been damaged in any manner or sum by any action of these answering Defendants or that Plaintiff is entitled to an award of punitive damages.

**SECOND CLAIM FOR RELIEF**

38. In response to Paragraph 38, Defendants incorporate herein by reference, as though fully set forth at length, their answers to paragraphs 1 through 37.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41. In addition, Defendants deny that Plaintiff has been damaged in any manner or sum by any action of these answering Defendants or that Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF

42. In response to Paragraph 42, Defendants incorporate herein by reference, as though fully set forth at length, their answer to paragraphs 1 through 41.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45. In addition, Defendants deny that Plaintiff has been damaged in any manner or sum by any action of these answering Defendants or that Plaintiff is entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF

46. In response to Paragraph 46, Defendants incorporate herein by reference, as though fully set forth at length, their answers to paragraphs 1 through 45.

47. Paragraph 47 contains allegations that do not require either a denial or admission from these answering Defendants.

48. Paragraph 48 contains allegations that do not require either a denial or admission from these answering Defendants.

49. Paragraph 49 contains allegations that do not require either a denial or admission from these answering Defendants.

50. Paragraph 50 contains allegations that do not require either a denial or admission from these answering Defendants.

51. Paragraph 51 contains allegations that do not require either a denial or admission from these answering Defendants.

52. Paragraph 52 contains allegations that do not require either a denial or admission from these answering Defendants.

53. Paragraph 53 contains allegations that do not require either a denial or admission from these answering Defendants.

54. Paragraph 54 contains allegations that do not require either a denial or admission from these answering Defendants.

55. Paragraph 55 contains allegations that do not require either a denial or admission from these answering Defendants.

56. Paragraph 56 contains allegations that do not require either a denial or admission from these answering Defendants.

57. Paragraph 57 contains allegations that do not require either a denial or admission from these answering Defendants.

58. Paragraph 58 contains allegations that do not require either a denial or admission from these answering Defendants.

**FIFTH CLAIM FOR RELIEF**

59. In response to Paragraph 59, Defendants incorporate herein by reference, as though fully set forth at length, their answers to paragraphs 1 through 58.

60. Paragraph 60 contains allegations that do not require either a denial or admission from these answering Defendants.

61. Paragraph 61 contains allegations that do not require either a denial or admission from these answering Defendants.

62. Paragraph 62 contains allegations that do not require either a denial or admission from these answering Defendants.

**SIXTH CLAIM FOR RELIEF**

63. In response to Paragraph 63, Defendants incorporate herein by reference, as though fully set forth at length, their answers to paragraphs 1 through 62.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65. In addition, Defendants deny that Plaintiff has been damaged, injured, or denied any civil and/or constitutional rights.

66. Defendants deny the allegations in paragraph 66. In addition, Defendants deny that Plaintiff has been damaged in any manner or sum by any action of these answering Defendants.

## PRAYER FOR RELIEF

The remaining paragraphs of the Second Amended Complaint concern Plaintiff's Prayer for Relief, which does not require an admission or denial from these answering Defendants.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendant(s) would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendants would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendants would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

AFFIRMATIVE DEFENSE NO. 2:

Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 3:

Plaintiff herein willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 4:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 5:

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 6:

The damages alleged in the complaint herein are subject to a set-off either partially or in full.

///

AFFIRMATIVE DEFENSE NO. 7:

Answering Defendants were at all relevant times acting within the course and scope of duty of public employment.

AFFIRMATIVE DEFENSE NO. 8:

Defendants owed no duty of care to the plaintiff. *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 9:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 10:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 11:

Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

AFFIRMATIVE DEFENSE NO. 12:

Should Defendants be found liable to Plaintiff, which liability is expressly denied, any award for past medical expenses can not exceed the amount paid by any third party to Plaintiff's medical providers as full payment for the medication services rendered.  In addition, to the extent Plaintiff's fault caused or contributed to Plaintiff's injury, any award for past medical expenses can be further reduced in accordance with the provisions of Government Code section 985.

AFFIRMATIVE DEFENSE NO. 13:

At the times and places alleged in the complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct.  The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

///

AFFIRMATIVE DEFENSE NO. 14

The detention or arrest, if any there was, alleged in the complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 15:

Only reasonable force and restraint were used in the incident alleged in the complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2. Plaintiff knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force or any weapon to resist any such arrest or detention, and was/were in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officer(s).

AFFIRMATIVE DEFENSE NO.16:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 17:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 18:

Plaintiff willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, Defendants, whom plaintiff knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk.

AFFIRMATIVE DEFENSE NO. 19:

Answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 20:

This court lacks subject matter jurisdiction over the causes of action alleged in the complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 21:

At all relevant times, Defendants exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 22:

Answering Defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 23:

All acts of Defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 24:

Answering Defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818.)

AFFIRMATIVE DEFENSE NO. 25:

Plaintiff has not stated a claim upon which relief can be granted under the Rehabilitation Act.

///

AFFIRMATIVE DEFENSE NO. 26:

The State of California is not amenable to suit in this court in this action by reason of the Eleventh Amendment of the United States Constitution.

AFFIRMATIVE DEFENSE NO. 27:

Neither the State of California nor any of its departments is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

AFFIRMATIVE DEFENSE NO. 28:

Plaintiff is not an "otherwise qualified handicapped" person entitled to sue due to failure to meet the requirements of the program in every respect except as to limitations imposed by the handicap.

AFFIRMATIVE DEFENSE NO. 29:

Plaintiff was provided reasonable accommodations pursuant to the Federal Rehabilitation Act and the Americans with Disabilities Act, 29 United States Code section 791; 29 Code of Federal Regulations 1630.9(a). Any further accommodation would have imposed undue financial and administrative burdens and would have required fundamental alterations in the nature of the program.

AFFIRMATIVE DEFENSE NO. 30:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 31:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

///

///

**WHEREFORE**, these answering Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of the Second Amended Complaint on file herein;

2. For reasonable attorney fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.


Dated: May 28, 2014                     Respectfully Submitted,

                                        KAMALA D. HARRIS
                                        Attorney General of California
                                        JOHN P. DEVINE
                                        Supervising Deputy Attorney General


                                        /S/ *HARRY T. GOWER, III*
                                        HARRY T. GOWER, III
                                        Deputy Attorney General
                                        *Attorneys for Defendants State of California, by and through its Department of Highway Patrol; James Sheeran; and Jacob Johnson*

SF2014902081
40867105.doc