John J. Verber, State Bar No. 139917
Patrick M. Callahan, State Bar No. 219419
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 14th Floor
Oakland, California 94612
Telephone:    (510) 444-6800
Facsimile:    (510) 835-6666
Emails:       jverber@burnhambrown.com
              pcallahan@burnhambrown.com

Attorneys for Defendants
DANIEL HIGGINS and BRYAN FRANKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HERD, an individual, | No. 3:13-cv-04443-MEJ |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Complaint Filed:       September 25, 2013<br>1st Amend. Complt.: November 13, 2014<br>2nd Amend. Complt.: May 8, 2014 |
| CITY OF OAKLAND, California; STATE OF CALIFORNIA; California Highway Patrol Sergeant JAMES SHEERAN and Officer JACOB JOHNSON; Oakland Police Department Officers JESSE LAWLESS, ROBERT ROSIN, DANIEL HIGGINS, DAVID PULLEN, ERIC THAW, BRYAN FRANKS, ALEXIS NASH, and IRA ANDERSON; and DOES 1-5, | |
| Defendants. | |

Plaintiff RONALD HERD by and through his attorney Darryl Parker and Defendants JESSE LAWLESS, ROBERT ROSIN, DAVID PULLEN, ERIC THAW, ALEXIS NASH, and IRA ANDERSON, individually and in their official capacities as a Police Officers for CITY OF OAKLAND and CITY OF OAKLAND, a municipal corporation, by and through their attorneys, the OFFICE OF THE CITY ATTORNEY; and Defendants DANIEL HIGGINS, individually and in his official capacity as a Police Officer for CITY OF OAKLAND and BRYAN FRANKS, individually and in his official capacity as a Police Officer for CITY OF OAKLAND,

by and through their attorneys, BURNHAM BROWN, John J. Verber and Patrick M. Callahan, and Defendants State of California, by and through its Department of Highway Patrol, JAMES SHEERAN and JACOB JOHNSON, by and through their attorneys, Kamala D. Harris, Attorney General of California, Harry T. (Chip) Gower III, Deputy Attorney General, hereby stipulate to the following PROTECTIVE ORDER:

1. <u>DEFINITIONS</u>

    1.1  <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2  <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things digital or electronic storage);

    1.3  <u>"Confidential" Information or Items:</u> Information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R. Civ. Proc. 26(c). This material includes:

        a)  Information from personnel files of any sworn member of the Oakland Police Department or the Department of Highway Patrol of the State of California.

        b)  Information from Internal Affairs files pertaining to any sworn member of the Oakland Police Department or the Department of Highway Patrol of the State of California.

        c)  Video and/or audio recordings of any aspect of the events alleged in the complaint.

    1.4  <u>"Highly Confidential-Attorneys' Eyes Only" Information or Items:</u> Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

This material includes:

        a)  Information from medical and/or psycho-therapeutic records of any party to this action.

1.5 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6 **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7 **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

1.8 **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

1.9 **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10 **House Counsel:** attorneys who are employees of a Party.

1.11 **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

1.12 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13 **Professional Vendors:** person or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

4. DESIGNATING PROTECTED MATERIAL

4.1 F.R. Civ. Proc. 26(c). The information sought to be protected must be properly qualified for protection under F.R. Civ. Proc. 26(c). Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

4.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL— ATTORNEYS' ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential—

Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order. If Receiving Party serves a written objection to the propriety of a "Confidential" or "Highly Confidential" designation under this section, the parties must make reasonable attempts to meet and confer to resolve the disputed designation(s). If such attempts fail, the Designating Party must move the Court for a protective order within thirty (30) days of the conclusion of the meet and confer discussions. If the Designating Party does not so move, the Receiving Party may treat the subject "Confidential" or "Highly Confidential" designation(s) as having been waived.

    5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

        5.1     <u>Timing of Challenges</u>. Unless a proper challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        5.2     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (via written objections) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within five days of receipt of objections.

        **5.3**     **<u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or**

within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has terminated, a Receiving Party must comply with the provisions of

section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)  during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)  the author of the document or the original source of the information.

6.3  <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)  Experts (as defined in this Order) (1) to whom disclosure is

reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (b)    the Court and its personnel;

    (c)    court reporters and their staffs; and

    (d)    the author of the document or the original source of the information.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify title of the case, the case number, and the title of the document.

10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

12. **JURISDICTION**

The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for **12** months after the final termination of this action.

13. **DOCUMENTS OFFERED AT TRIAL**

**Notwithstanding any provision herein to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and/or will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons.** *See Foltz v. State Farm Mut. Automobile Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *see also* Manual for Complex Litigation § 21.432.

THE PARTIES HEREBY STIPULATE TO THE TERMS OF THE PROTECTIVE ORDER AS SET FORTH ABOVE.

PREMIER LAW GROUP, PLLC

Dated: December 17, 2014    By: /s/ Darryl Parker
DARRYL PARKER
Attorneys for Plaintiff
RONALD HERD


BARBARA J. PARKER, Oakland City Attorney
RANDOLPH W. HALL, Chief Assist. City Atty.
CHARLES E. VOSE, Senior Deputy City Attorney

Dated: December 17, 2014    By: /s/ Charles E. Vose
CHARLES E. VOSE
Attorneys for Defendants
CITY OF OAKLAND and OFFICERS JESSE LAWLESS, ROBERT ROSIN, DAVID PULLEN, ERIC THAW, ALEXIS NASH, and IRA ANDERSON

///

///

///

11
STIPULATED PROTECTIVE ORDER                    No. 3:13-cv-04443-MEJ

|   |   |   |
|---|---|---|
| 1 |   | BURNHAM BROWN |
|   |   | JOHN J. VERBER |
| 2 |   | PATRICK M. CALLAHAN |

Dated: December 17, 2014        By: /s/ Patrick M. Callahan
                                PATRICK M. CALLAHAN
                                Attorneys for Defendants BRYAN FRANKS and
                                DANIEL HIGGINS

                                KAMALA D. HARRIS
                                Attorney General of California
                                JOHN P. DEVINE
                                Supervising Deputy Attorney General
                                HARRY T. GOWER, III
                                Deputy Attorney General


Dated: December 17, 2014        By: /s/ Harry T. Gower, III
                                HARRY T. GOWER, III
                                Attorneys for Defendants STATE OF
                                CALIFORNIA, JAMES SHEERAN and
                                JACOB JOHNSON


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: December 17, 2014        _____
                                HONORABLE MARIA ELENA-JAMES
                                UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____ [date] in the case of RONALD HERD v. CITY OF OAKLAND, et al., case No. 3:13-cv-04443-MEJ, I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

| | |
|---|---|
| Re: | Ronald Herd v. City of Oakland, California, et al. |
| Court: | U.S.D.C., Northern District of California |
| Action No: | 3:13-cv-04443-MEJ |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document(s) was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on December 17, 2014.

**STIPULATED PROTECTIVE ORDER**

Date: December 17, 2014                    /s/ Maria D. Aranda
                                            MARIA D. ARANDA

4834-1870-0566, v. 1