UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HERD,<br><br>     Plaintiff,<br><br>     v.<br><br>CITY OF OAKLAND, et al.,<br><br>     Defendants. | Case No. 13-cv-04443-MEJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 59 |

## INTRODUCTION

Defendants moved to stay further activity in this case pending the United States Supreme Court's review of *Sheehan v. City & County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), *cert. granted sub nom. City & County of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 702 (U.S. Nov. 25, 2014) (No. 13-1412), which implicates Plaintiff's claims under the American with Disabilities Act ("ADA") and Rehabilitation Act. Dkt. No. 59. Plaintiff filed a response stating that he does not object to the stay so long as discovery is permitted to remain open during the stay. Dkt. No. 60. The discovery deadline passed on January 30, 2015. *See* Dkt. No. 154. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court hereby **GRANTS** Defendants' Motion to Stay for the reasons set forth below.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In evaluating whether a stay should be granted, the Ninth Circuit has held that the court should consider the competing interests at stake including the possible damage which may result from

granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

Here, Defendants have demonstrated that the outcome of *Sheehan* is significant to this case, noting that a ruling on Plaintiff's ADA and Rehabilitation Act claims before the Supreme Court resolves *Sheehan* runs the risk of applying the wrong standards, which could be detrimental to both parties. Specifically, in *Sheehan*, the Supreme Court will examine: "Whether Title II of the Americans with Disabilities Act requires law enforcement officers to provide accommodations to an armed, violent, and mentally ill suspect in the course of bringing the suspect into custody." Pet. for Writ of Certiorari, *City & Cnty. of San Francisco v. Sheehan*, 2014 WL 2201057, at *i (U.S. May 22, 2014) (No. 13-1412). Defendants argue that a stay ensures that the parties and the court properly analyze the ADA and Rehabilitation Act claims, potentially limiting the issues ultimately to be tried, and in turn, saving the parties expenses and overall efficiency. *Sheehan* is set for oral argument in the Supreme Court on March 25, 2015.

The Court finds a stay pending the resolution of *Sheehan* appropriate at this time and is the fairest course of action for both parties in ultimately resolving this case. *Sheehan* is likely to be concluded within a reasonable time, and the outcome has the potential to impact both Plaintiff's ADA claim and his Rehabilitation claim. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (collecting cases noting the overlap in ADA and Rehabilitation Act claims). There is no indication from the parties or elsewhere in the record that any damage is likely to result from temporarily staying the case, nor is there any indication that either party might suffer any hardship or inequity from a stay.

1 Plaintiff has, however, argued that discovery should be extended if the case is stayed. Specifically, Plaintiff states he "does not object to the motion to stay [the] case" and "requests that the dispositive motions be stayed until the end of the Supreme Court term but only it that time can be used productively." Pl.'s Resp. at 1.  Although discovery closed on January 30, 2015, Plaintiff seeks to use the added time during the stay to conduct further discovery.  Defendants objected to Plaintiff's request to extend discovery in his response brief rather than in a separately filed motion. *See* Dkt. No. 61.  Defendants also noted that as their motion was an administrative motion, they do not have an opportunity to file a reply explaining their position on Plaintiff's request to extend discovery. *Id.*; *see also* Civ. L.R. 7-11.

The Court will not address Plaintiff's request to re-open discovery in this Order but may entertain a properly filed motion in the future.  The parties shall meet and confer on the issue of whether to re-open discovery, and if they are able to agree on the timing and extent of the additional proposed discovery, they may submit a stipulation explaining their joint position to the Court.  If the parties are unable to reach a resolution, Plaintiff may file a proper motion to re-open discovery at that time, articulating with precision what further discovery is proposed and showing good cause as to why such discovery is needed.  *See* Fed. R. Civ. P. 16(b)(4).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to stay.  The case is hereby **STAYED** pending the Supreme Court's resolution of *City and County of San Francisco v. Sheehan*, No. 13-1412 (U.S. May 27, 2014).  Defendants shall apprise the Court and Plaintiff of the resolution of *Sheehan* within 14 days of the Supreme Court's decision.  All pending deadlines are hereby **VACATED** until the stay is lifted.

**IT IS SO ORDERED.**

Dated: February 12, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3